## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BELGIN J. VANDERPLOEG**, | |
| Plaintiff, | |
| v. | Case No. 1:24-cv-02351 (TNM) |
| **MARCO RUBIO**, Secretary of State, | |
| Defendant. | |

## <u>MEMORANDUM OPINION</u>

Belgin Vanderploeg is a Foreign Service Officer for the Department of State who was passed over for promotion. She believes discrimination is to blame. Vanderploeg filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), but it found for the Department. So she then sued the Secretary of State.[1] But her claims are time-barred because she waited more than 90 days after receiving the EEOC's decision to file her lawsuit. Thus, the Court will grant the Secretary's motion to dismiss the Complaint.

## I.

Vanderploeg is a Muslim from Turkey who has worked as a Foreign Service Officer for the Department of State since 2002. Compl. ¶¶ 4, 10, 29, 31. She believes the Department withheld promotions from her because of national origin, sex, age, religion, and retaliation. *See id.* ¶ 9. In September 2022, Vanderploeg raised these concerns in a complaint with the EEOC. *Id.* ¶ 4b. Just over a year later, on October 10, 2023, the EEOC issued a Final Order in favor of

---

[1] Defendant Marco Rubio replaced the former Secretary, Antony Blinken. Under Federal Rule of Civil Procedure 25(d), when a public officer sued in an official capacity vacates the office while the action is pending, his successor is automatically substituted as a party.

the Secretary.  *Id.* ¶ 4d; *see also* Final Order, ECF No. 10-2.  The Final Order informed

Vanderploeg that she could file "a civil action in an appropriate United States District Court" but

warned that she must do so "[w]ithin 90 days of receipt of the final decision."  Final Order at 6.[2]

Though Vanderploeg has not stated when she received the Final Order, a transmittal

cover sheet indicates the Secretary emailed her a copy on October 10.  *See* Final Order at 2.  She

then sued the Secretary on December 26, 2023, but filed her lawsuit in the Superior Court of the

District of Columbia, not here.  *See* Mot. Dismiss Opp'n ("Opp'n"), ECF No. 13, at 1;

*Vanderploeg v. Blinken* ("*Vanderploeg I*"), 24-cv-0669 (D.D.C. Mar. 8, 2024), Compl., ECF No.

1-1, at 2.

Several months after filing her lawsuit, Vanderploeg traveled overseas for work.  Opp'n

at 2; ECF No. 13-5.  She was gone from March through June 2024 and had limited access to her

home mailing address.  *See id.*  On March 8, shortly after she left, the Secretary removed her

case to this courthouse.  *See Vanderploeg I*, Not. Removal, ECF No. 1.

It is unclear when Vanderploeg learned of the removal, but she emailed government

counsel on May 4 with the District Court case number asking how she could track the case

online.  ECF No. 15-1.  When counsel responded on May 7, he provided her a copy of the

motion to dismiss the Secretary had filed in *Vanderploeg I* the same day.  *Id.*  Among other

things, the motion stated that Vanderploeg's case must be dismissed because she had improperly

filed it in Superior Court instead of District Court.  *See Vanderploeg I*, Mot. Dismiss, ECF No. 9-

1, at 8–9.

Vanderploeg never responded to the motion to dismiss in *Vanderploeg I*, and another

judge of this district dismissed her case without prejudice on September 2, 2024, for failure to

---

[2]  In citations, the Court uses the pagination generated by the CM/ECF system.

prosecute. *See Vanderploeg I*, Dismissal Order, ECF No. 11. But on August 14, 2024, before the dismissal, Vanderploeg filed a virtually identical Complaint in this case. *See generally* Compl. The Secretary again moves to dismiss. Mot. Dismiss, ECF No. 10. He maintains this second case is time-barred because Vanderploeg filed it more than 90 days after the EEOC's Final Order. *See id.* at 8–9.

In her opposition brief, Vanderploeg does not dispute the untimeliness of her filing. *See* Opp'n at 1–2. She instead asks the Court to equitably toll the 90-day deadline. *See id.* at 1. Her original Superior Court complaint was timely, and she says she filed there rather than here because of erroneous guidance from court staff. *See id.* at 1–2. She also believes her overseas travel created "logistical barriers to managing the case" that further justify tolling. Opp'n at 1. The issue is ripe, and the Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

## II.

Under Title VII, a federal employee may bring an employment discrimination action by suing in a district court within 90 days of receiving notice of the EEOC's final decision. *See Woodruff v. Peters*, 482 F.3d 521, 525 (D.C. Cir. 2007); 42 U.S.C. § 2000e–16(c). This 90-day deadline is not jurisdictional and instead operates like a statute of limitations, making it an affirmative defense in Title VII cases. *Colbert v. Potter*, 471 F.3d 158, 165, 167 (D.C. Cir. 2006). Thus, "conclusively time-barred" complaints may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Page v. Comey*, 137 F.4th 806, 813 (D.C. Cir. 2025). Where there is a contested question of material fact as to timing, however, dismissal on statute-of-limitations grounds is inappropriate. *See Williams v. Perdue*, 613 F. Supp. 3d 437, 447 n.8 (D.D.C. 2020), *aff'd,* 2020 WL 9595288 (D.C. Cir. Nov. 23, 2020) (per curiam).

Courts apply the 90-day limitation strictly and will dismiss a suit for missing the deadline by even one day.  *Woodruff*, 482 F.3d at 525.  But "like a statute of limitations, the statutory time requirement is subject to waiver, estoppel, and equitable tolling."  *Colbert*, 471 F.3d at 167.

Equitable tolling requires a plaintiff to show "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing."  *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 255 (2016). Extraordinary circumstances must involve some "external obstacle to timely filing."  *Id.* at 256. The litigant's difficulties "cannot be a product of [her] own misunderstanding of the law" and tolling is unwarranted if "a litigant was responsible for [her] *own* delay."  *Id.* at 255, 257 (cleaned up).  Courts may "reject[] requests for equitable tolling where a litigant fail[s] to satisfy one [element] without addressing whether [s]he satisfied the other."  *Id.* at 256.

The Court is also mindful of the special solicitude afforded pro se plaintiffs like Vanderploeg.  *See Yellen v. U.S. Bank, Nat'l Assn.*, 301 F. Supp. 3d 43, 47 (D.D.C. 2018).

### III.

Vanderploeg asserts that equitable tolling should apply because court staff gave her bad advice and she was overseas for several months, limiting her access to her mailbox.  *See* Opp'n at 1–2.  Neither argument prevails.

Start with Vanderploeg's communications with court staff.  She maintains her "procedural missteps"—filing in the wrong court—were caused by her "reliance on institutional guidance" and "incorrect guidance from court clerks."  Opp'n at 2.

Having reviewed the emails Vanderploeg provided, the Court can find no trace of evidence that court staff misled her or gave her bad advice.  *See* Emails, ECF Nos. 13-2, 13-3,

and 13-4.  The emails are each only a sentence or two long and are purely administrative.  *See id.*
They contain no substantive guidance on where to file her case.  *See id.*

In one email, a Superior Court clerk provided Vanderploeg with the form used for
requesting a continuance.  *See* ECF No. 13-2.  In another, a Superior Court clerk provided her
with an affidavit of service form.  *See* ECF No. 13-4.  And in the final email, District Court staff
answered Vanderploeg's questions about her case number and where to send a notice of appeal.
*See* ECF No. 13-3.  More, these emails were all exchanged *after* Vanderploeg had filed her case
in Superior Court.  *Compare* Opp'n at 1 ("Plaintiff filed a complaint in the D.C. Superior Court
on December 26, 2023."), *with* ECF Nos. 13-2 (dated January 26, 2024), 13-3 (dated September
19, 2024), *and* 13-4 (dated February 8, 2024).  Recall the EEOC's Final Order clearly directed
her to District Court, not Superior Court.  Final Order at 6.  And because Vanderploeg received
the EEOC's Final Order on October 10, 2023, the 90-day deadline to file was January 8, 2024.
*See* Final Order at 2.  So these communications happened after Vanderploeg's window to file
had passed.

Simply put, there is no evidence that court staff told Vanderploeg she should file her case
in Superior Court rather than District Court.  The emails offer no support for Vanderploeg's
claim that an "external obstacle" "beyond [her] control" prevented her from timely filing in
District Court.  *Menominee Indian Tribe*, 577 U.S. at 256.

Next, Vanderploeg seeks equitable tolling because she was overseas for several months
and had "limited access to mail delivered to her California residence."  Opp'n at 2; *see also* ECF
No. 13-5.  At the time, she did not have CM/ECF access, so she depended on mailed copies of
docket entries.  *See* Opp'n at 2.  But it is unclear why that matters.  Vanderploeg filed her case
in Superior Court in December 2023, months before her March 2024 departure.  And the 90-day

deadline that started when she received the EEOC decision on October 10 ran its course on January 8, 2024—almost two months before she went overseas.  *See* Final Order at 2.  In other words, the window had already closed for Vanderploeg to file in District Court by the time she left.  Her later issues with access to mail have no bearing on her initial failure to comply with the 90-day filing deadline.

* * *

The Court is mindful that Vanderploeg is pro se and civil litigation can be difficult to navigate.  Still, filing in the wrong court is not a basis for equitable tolling even when proceeding pro se.  *See Williams*, 613 F. Supp. 3d at 452–53; *see also United States v. Lawson*, 608 F. Supp. 2d 58, 62 (D.D.C. 2009) ("[A] failure to meet the statutory deadline due to pro se representation is not a circumstance in which it is appropriate to toll the statute of limitations.").  Based on the record, Vanderploeg's "own misunderstanding of the law" was the reason she filed in Superior Court rather than District Court and thus missed the 90-day deadline.  *Menominee Indian Tribe*, 577 U.S. at 255.  As a result, equitable tolling is not appropriate.

**IV.**

The EEOC's Final Order gave Vanderploeg notice of her right to sue and the steps required to file suit.  But Vanderploeg did not follow those instructions.  She has not shown that extraordinary circumstances or external impediments prevented her from timely filing her employment discrimination suit in this Court.  Equitable tolling is unwarranted, so Vanderploeg's Complaint is "conclusively time-barred."  *Page*, 137 F.4th at 813.

For these reasons, the Court will grant the Secretary's motion and dismiss the Complaint in full.[3]  A separate Order will issue today.

Dated: September 29, 2025

_____

TREVOR N. McFADDEN
United States District Judge

---

[3] Vanderploeg also purports to use 42 U.S.C. § 1981 as a cause of action.  *See* Compl. ¶ 1.  But "Title VII is the exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination."  *Kizas v. Webster*, 707 F.2d 524, 542 (D.C. Cir. 1983).  So "as a federal employee, [Vanderploeg] may not bring an employment discrimination claim pursuant to § 1981."  *Brookens v. Solis*, 616 F. Supp. 2d 81, 85 n.2 (D.D.C. 2009); *see also Lee v. Hughes*, 145 F.3d 1272, 1277 (11th Cir. 1998) ("§ 1981 does not support a cause of action for claims of employment discrimination arising under color of *federal* law.").